## O. GARDNER v. T. SPIVEY.

1. In a suit in the district court against an administrator and his vendee, to annul a sale of land made by the former to the latter, and to vacate orders of the probate court confirming such sale, the defendants demanded a trial by jury. *Held*, error to refuse trial by jury of the issues of fact—the property in controversy being of greater value than ten dollars. (Constitution of 1869, Article 1, Section 12; Article 5, Section 16; Article 5, Section 26.)

2. The rulings in Moore v. Letchford, *ante* 185, respecting the retroactive effect of the act of November 9, 1866, imparting to anterior and unrecorded judgments a lien upon real estate within the county, referred to and approved.

APPEAL from Henderson. Tried below before the Hon. John G. Scott.

The appellee was plaintiff below, and his suit was for the purpose of enforcing a judgment recovered by him in May, 1866, against one Clarke, whose administrator was a co-defendant with the appellant Gardner. The opinion and the head-notes indicate the material facts involved in the rulings.

*T. B. Greenwood*, for the appellant.

*T. J. Word* and *A. M. Jackson*, for the appellee.

WALKER, J.—The exception to the ruling of the court, by which a jury was denied, is well taken. (Section 12, Article 1, Constitution of the State ; Section 16, Article 5 ; Section 26, Article 5, *ibid.*)

The question raised under the third assignment for error has been settled in Moore v. Letchford, decided by a majority of the court at the present term. (See the numerous authorities therein cited.)

We will not renew a discussion of the question at this time.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.